**Michael L. KORBHOLZ, as Trustee for the Waldman Children's Trust, Plaintiff–Appellant,**

v.

**GREAT–WEST LIFE & ANNUITY INSURANCE COMPANY, Defendant–Appellee.**

No. 05–16315.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed June 29, 2007.

Patrick R. Mckinney, Esq., Farella Braun & Martell LLP, San Francisco, CA, for Plaintiff–Appellant.

Samuel H. Ruby, Esq., San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

### MEMORANDUM **

Michael Korbholz, as Trustee for the Waldman Children's Trust, appeals the district court's grant of summary judgment in favor of Great–West Life & Annuity Insurance Company ("Great–West") in this life insurance coverage dispute. He asserts that the district court erred in concluding that his policy's premium was not timely paid. We reverse.

In interpreting the insurance policy in this case, the district court found the mailbox rule inapplicable, instead concluding that the term "paid" meant that Great–West must "receive" the premium payment prior the expiration of the grace period. Thus, the court held that Korbholz's May 2002 check was untimely since it was not received by Great–West's processing agent, Transaction Applications Group ("TAG"), prior the expiration of the grace period. We disagree.

The insurance policy in this case does not specifically define whether a premium is deemed paid when it is mailed by the insured or when it is received by the insurer or its agent. If Great–West intended the term "paid" to mean "received," the language of the policy should have said so. The absence of a clear indication of the parties' intent leads us to conclude that the mailbox rule should apply.

In *Huizar v. Carey*, 273 F.3d 1220 (9th Cir.2001), we recently reaffirmed the common law mailbox rule that, absent an express provision defining this term, the mailbox rule applies. *Id.* at 1223 n. 3 (citing *Barry v. Videojet Sys. Int'l, Inc.*, No. 93 C 6095, 1995 WL 548592, *3–*4 (N.D.Ill. Sept.12, 1995)). California law is also in conformity with this principle. *See Pierson v. John Hancock Mut. Life Ins. Co.*, 262 Cal.App.2d 86, 88–89, 68 Cal.Rptr. 487 (1968) (mailing of premium payment to insurer just one day prior to grace period's expiration sufficient to consider the premium "paid" within the grace period).

Moreover, Great–West's acquiescence in receiving prior premium payments via mail also supports the conclusion that Korbholz's mailing of the check prior to the expiration of the grace period was sufficient to keep the policy in effect. *See* 5 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* 3d § 73:59 (1997) ("If the insurer may be regarded as having requested, authorized or acquiesced in the sending of premium payments by mail, the insured clearly has a right to rely upon such conduct, and mailing in accordance with a request or authorization, express or

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

implied, constitutes payment as of the time of mailing or of deposit of the letter in the mail, properly addressed, and with postage prepaid.").

REVERSED.